Thomas V. Troy, Esq. Village Attorney, Williamsville
You have asked whether the mayor of a village may fill a vacancy in the position of village justice by appointing himself to the position. The individual would resign his position as mayor prior to taking the oath of office as village justice.
It has long been established that a board may not appoint one of its members to a public office (Wood v Town of Whitehall, 120 Misc. 124 [Sup Ct, Washington Co, 1923], affd 206 App. Div. 786 [3d Dept, 1923] [cited in Macrum v Hawkins, 261 N.Y. 193 (1933), and in Matter of Brenner vVines, 35 A.D.2d 536 (2d Dept, 1970)]). The court decided that it would be contrary to public policy and the general welfare to uphold such an appointment.
 "When public officers, such as the members of a town board, are vested by the legislature with power of appointment to office, a genuine responsibility is imposed. It must be exercised impartially, with freedom from a suspicion of taint or bias which may be against the public interest. An appointing board cannot absolve itself from the charge of ulterior motives when it appoints one of its own members to an office. It cannot make any difference whether or not his own vote was necessary to the appointment. The opportunity improperly to influence the other members of the board is there. No one can say in a given case that the opportunity is or is not exercised. What influenced the other members to vote as they did, no one knows except themselves. Were their motives proper, based solely on the fitness of the appointee? They may have been. Were they improper, based on the promise or expectation of reciprocal favors?" (Id.,
p 125.)
As a second reason, the court indicated that such an appointment is tantamount to the board appointing itself to the office, which was characterized as an undesirable result (id., p 126).
We believe it follows from the Whitehall decision, that it would also be against public policy for a mayor to appoint himself to another public office. The reasons stated by the court are applicable to such an appointment.
We conclude that the mayor of a village may not appoint himself to fill a vacancy in the position of village justice.